IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| RYAN CLARK, | Civil Action No. |
| Plaintiff, | |
| v. | JURY TRIAL DEMANDED |
| SHANE'S RIB SHACK LLC | |
| Defendant. | |

## COMPLAINT

COMES NOW, ("Plaintiff" or "Mr. Clark"), by and through his undersigned counsel, and files this, his Complaint, and shows the Court as follows:

## NATURE OF COMPLAINT

1.

Plaintiff brings this action for damages, and reasonable attorney fees against Defendant Shane's Rib Shack LLC ("Defendant") for violations of his rights under the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12111 et seq. ("ADA").

1

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331 and 1343.

3.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391 and 1343, venue is appropriate in this Court.

## ADMINISTRATIVE PROCEDURES

4.

Plaintiff has fulfilled all conditions necessary to proceed with this cause of action under the ADA. Plaintiff filed his Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on July 14, 2023; the EEOC issued its Notice of Right to Sue on October 25, 2023.

5.

Plaintiff timely files this action within ninety (90) days of receipt of the Notice of Right to Sue from the EEOC.

## **PARTIES**

6.

Plaintiff is a male citizen of the United States of America and is subject to the jurisdiction of this Court.

7.

At all times relevant, Defendant was qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

8.

At all such times, Plaintiff was an "employee" of Defendant as defined under the ADA at 42 U.S.C. § 12111(4). During all times relevant hereto, Defendant had employed fifteen (15) or more employees for the requisite period under the ADA. Defendant is therefore covered under the ADA in accordance with 42 U.S.C. § 12111(5).

9.

Defendant may be served with process by delivering a copy of the summons and complaint to its Registered Agent, Corporation Service Company, located at 40 Technology Parkway South, Suite 300, Norcross, GA, 30092.

## FACTUAL ALLEGATIONS

10.

Plaintiff began working for Defendant on or about September 12, 2022, as a District Manager.

11.

He was responsible for the management of four (4) corporate locations.

12.

The Plaintiff was successful in his role and as a result, in April 2023, the Plaintiff received a raise.

13.

In May 2023, the Plaintiff suffered a psychiatric episode.

14.

Plaintiff was hospitalized from May 31, 2023, until June 5, 2023, and was transferred to Rivers Edge crisis stabilization unit from June 5, 2023, until June 9, 2023.

15.

He was diagnosed with Mania, which is the manic phase of Bipolar I Disorder and PTSD, both considered disabilities under the ADA.

16.

Plaintiff made his supervisor aware of his hospitalization and diagnosis and remained in contact when possible.

17.

Plaintiff was released on June 9, 2023, and he promptly informed the Defendant he was ready to return to work.

18.

In response, the Defendant told him to hold off on returning to work, they wanted to speak with him first.

19.

Being proactive, on or around June 11, 2023, the Plaintiff provided the Defendant with a copy of his doctor's note, per company policy, even though they did not request one.

20.

On June 12, 2023, President of the company, Dustin Crews, and company owner, Shane, contacted the Plaintiff and terminated him.

21.

Cruz alleged that the Plaintiff's position was being terminated due to reorganizing and restructuring, however no other roles were removed.

22.

Further, the Plaintiff's position was not removed. Sean Turner, District Manager from New York, was brought in to fill Plaintiff's position.

23.

Turner was only responsible for managing one store in New York, while the Plaintiff managed four locations.

24.

The Plaintiff received no negative feedback or marks on his record regarding his work performance, as he received a raise approximately one month prior to his medical incident.

25.

Although Defendant purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pretext. Plaintiff was an individual with a disability, as defined by the Americans with Disabilities Act, as amended.

26.

Plaintiff requested to be returned to work after being diagnosed with Mania/Bipolar I Disorder and PTSD, once his symptoms were controlled.

27.

Defendant terminated Plaintiff because he had a disability, inlcuding a record of a disability and/or because it regarded him as disabled and/or because he engaged in protective activity.

28.

But for Plaintiff's disability status and/or protected activity, he would not have suffered the adverse employment action.

29.

Plaintiff was treated less favorably in the terms or conditions of employment than others outside of hisprotected class, i.e. non-disabled employees.

## CLAIMS FOR RELIEF

## COUNT I:  DISABILITY DISCRIMINATION IN VIOLATION OF ADA, AS AMENDED

30.

Plaintiff re-alleges paragraphs 10-29 as if set forth fully herein.

31.

Plaintiff had a mental impairment which substantially limits one or more major life activities including but not limited to concentrating and comprehending.

32.

Plaintiff's mental impairment is a "disability" within the meaning of the ADA, as amended.

33.

Defendant was aware of Plaintiff's disability.

34.

Defendant regarded Plaintiff as having a disability such that he is a person with a disability and/or perceived disability within the meaning of the ADA, as amended.

35.

Plaintiff has a record of having a disability and/or perceived disability such that he is a person with a disability within the meaning of the ADA, as amended.

36.

At all times relevant to this action, Plaintiff was a qualified individual with a known or perceived disability as defined in the ADA.

37.

Defendant terminated Plaintiff's employment because of his disability, perceived disability, or record of having a disability.

38.

By terminating Plaintiff's employment because of his disability, perceived disability, or record of having a disability, Defendant violated the ADA, as amended.

39.

Although Defendant purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pretext for disability discrimination.

40.

Defendant treated other similarly situated employees outside Plaintiff's protected class more favorably than Plaintiff, in that they were not terminated.

41.

Defendant's actions in subjecting Plaintiff to less favorable terms and conditions of employment constitutes unlawful discrimination on the basis of this violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12111 *et seq.*, 42 U.S.C. 2000e et seq. and 42 U.S.C. section 1981A.

42.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against Plaintiff was undertaken in bad faith.

43.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity and has otherwise adversely affected his status as an employee because of his disability, by terminating his employment due to his disability.

44.

As a direct and proximate result of Defendant's violation of the ADA, Plaintiff has been made the victim of acts that have adversely affected his psychological and physical well-being.

45.

As a result of Defendant's discriminatory actions against Plaintiff, he has suffered lost compensation and benefits, emotional distress, inconvenience, humiliation, and other indignities.

46.

Pursuant to the ADA, as amended, Plaintiff is entitled to damages including but not limited to back pay and lost benefits, reinstatement, compensatory damages, equitable relief, attorneys' fees, costs of litigation and all other relief recoverable under the ADA, as amended.

47.

Defendant discriminated against Plaintiff, and, in failing and refusing to take any appropriate remedial action to remedy the unlawful employment practices, has not only deprived Plaintiff of equal employment opportunities, but exhibited malice or reckless indifference to the federally protected rights of Plaintiff.

48.

Plaintiff thus seeks compensatory and punitive damages pursuant to §102(a)(1) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a(b).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment as follows:

(a) General damages for mental and emotional suffering caused by Defendant's misconduct;

(b) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c) Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

(d) Reasonable attorney's fees and expenses of litigation;

(e) Trial by jury as to all issues;

(f) Prejudgment interest at the rate allowed by law;

(g) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h) Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(i) All other relief to which he may be entitled.

Respectfully submitted this 7th day of December, 2023.

        **BARRETT & FARAHANY**

        s/ *Matthew C. Billips*
        Matthew C. Billips
        Georgia Bar No. 057110
        Victoria Williamson
        (*Pro Hac Vice To Be Filed*)

        *Counsel for Plaintiff Ryan Clark*

P.O. Box 530092
Atlanta, Georgia 30353
(404) 214-0120
matthew@justiceatwork.com
victoria@justiceatwork.com